# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> *Defendants*. | No. 3:16-cv-386 |
| CATHOLIC BENEFITS ASSOCIATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SYLVIA BURWELL, Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> *Defendants*. | No. 3:16-cv-432 |

## DEFENDANTS' EXPEDITED MOTION
## FOR TECHNICAL CORRECTION OF DECEMBER 30, 2016 ORDER

Defendants respectfully request that the Court correct its temporary injunction, *see* Order at 2 (Dec. 30, 2016) (under seal), ECF No. 23 (*Religious Sisters of Mercy*, No. 3:16-cv-386), ECF No. 6 (*Catholic Benefits Association*, No. 3:16-cv-432), to clarify that the injunction is limited to only those aspects of the United States Department of Health and Human Services ("HHS") regulation that Plaintiffs have challenged in these two cases, and does not temporarily "[s]tay[]"

[e]nforcement" of the Rule as a whole.[1] *See* Fed. R. Civ. P. 60(a) (permitting a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record").

At issue in these cases are two—and only two—aspects of HHS's final rule implementing Section 1557 of the Affordable Care Act. *See Nondiscrimination in Health Programs and Activities* (the "Rule"), 81 Fed. Reg. 31,376 (May 18, 2016) (codified at 45 C.F.R. pt. 92) (implementing 42 U.S.C. § 18116). Section 1557 and the Rule prohibit discrimination by covered entities on the bases of race, color, national origin, age, sex, and disability in federally funded health care programs and activities. But Plaintiffs' challenges here are limited to the Rule's interpretation of sex discrimination as encompassing discrimination on the bases of (1) gender identity and (2) termination of pregnancy, *see* 45 C.F.R. § 92.4 (defining discrimination "on the basis of sex" to include, among other things, "discrimination on the basis of . . . termination of pregnancy . . . and gender identity"), and Plaintiffs' claims are restricted to what they allege the Rule requires of them related to that particular interpretation.[2] Accordingly, the Court's December 30, 2016 Order should be corrected to clarify that it stays enforcement of only those two aspects of the Rule.

Plaintiffs have not taken issue with any other aspect of the Rule, nor have Defendants had any reason to address the many other unchallenged parts of the Rule in these cases. Indeed, the Rule contains an express severability provision, *see id*. § 92.2(c), and the vast majority of the Rule's provisions are not challenged here, including, for example, those concerning discrimination

---

[1] As noted above, this Court's December 30, 2016 Order is under seal, and so Defendants therefore quote only the publicly-available docket text.

[2] *See generally* Pls.' Mem. in Supp. of Their Mot. for Prelim. Inj., *Religious Sisters of Mercy*, No. 3:16-cv-386 (Nov. 17, 2016), ECF No. 6; Pls.' Br. in Supp. of Emer. Mot. for TRO, *Catholic Benefits Association*, No. 3:16-cv-432 (Dec. 28, 2016), ECF No. 4.

on the basis of race, color, national origin, age, and disability, *e.g.*, *id*. § 92.101; those concerning meaningful access for individuals with limited English proficiency, *id.* § 92.201, effective communication for individuals with disabilities, *id.* § 92.202, and accessibility standards for buildings and facilities, *id.* § 92.203, and for electronic and information technology, *id.* § 92.204; and the procedures for health programs or activities administered by the Department itself, *id.* § 92.303.

The Court's December 30, 2016 Order (at 2) might be read to stay enforcement of the Rule as a whole as to the named Plaintiffs in these cases, which would go well beyond Plaintiffs' allegations or arguments. Yet it is well-established that "injunctive relief must be narrowly tailored to remedy only the specific harms established by the plaintiff." *Lytle v. U.S. Dep't of Health & Human Servs.*, 612 F. App'x 861, 862 (8th Cir. 2016) (collecting cases). Accordingly, Defendants respectfully request that the Court correct the wording of its December 30, 2016 Order to make clear that it temporarily stays enforcement, as to the named Plaintiffs,[3] of the Rule's prohibitions against discrimination on the bases of gender identity and termination of pregnancy only.[4]

Remarkably, Plaintiffs have indicated that they do not consent to Defendants' request even though they have not contested—and cannot contest—that their challenges in these cases are limited to the Rule's prohibition against discrimination on the bases of gender identity and

---

[3] In *Catholic Benefits Association*, No. 3:16-cv-432, Plaintiffs' Complaint, ECF No. 1, and memorandum of law in support of Plaintiffs' motion for temporary restraining order, ECF No. 4, refer to one of the named Plaintiffs exclusively as "Catholic Charities North Dakota," but Plaintiffs' motion, ECF No. 3, lists that Plaintiff as "Catholic Charities North America." Defendants understand the Plaintiff to be Catholic Charities North Dakota.

[4] The only other court to have addressed the issues raised here limited its order to the specific aspects of the Rule challenged by the plaintiffs in both that case and in these cases. *See* Order at 46, *Franciscan Alliance v. Burwell*, No. 7:16-cv-108 (N.D. Tex. Dec. 31, 2016) (issuing a preliminary injunction only as to "the Rule's prohibition against discrimination on the basis of gender identity or termination of pregnancy").

termination of pregnancy. Instead, Plaintiffs have professed confusion about Defendants' need to file this motion. But so long as the Court's December 30, 2016 Order reads as it currently does, the continued enforceability of the other significant provisions of the Rule not challenged here is subject to question. More fundamentally, Plaintiffs have not sought any relief from the Rule's prohibition against discrimination on the basis of race, or from its provisions concerning meaningful access for those with disabilities or those with limited English proficiency, as but three examples of many. Plaintiffs cannot articulate any reason why these cases provide *any* basis for a stay of enforcement of aspects of the Rule that are in no way subject to Plaintiffs' challenges. Yet while this Court's temporary injunction remains in place in its current form, Defendants' enforcement of all aspects of the Rule, including those that are simply not at issue here, is affected. This cannot have been the Court's intent. *See Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) ("Under Rule 60(a), a court may correct a judgment so as to reflect what was understood, intended and agreed upon by the parties and the court. . . . Rule 60(a) permits only a correction for the purpose of reflecting accurately a decision that the court actually made." (citations omitted)).

To protect Defendants' ability to enforce aspects of the Rule that Plaintiffs do not challenge, Defendants respectfully request that the Court consider this motion on an expedited basis and correct its Order to clarify that the Order only stays enforcement, as to the named Plaintiffs, of the Rule's prohibition against discrimination on the bases of gender identity and termination of pregnancy.

Dated:   January 6, 2017                                        Respectfully Submitted,

                                                                BENJAMIN C. MIZER
                                                                Principal Deputy Assistant Attorney
                                                                   General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

/s/ *Adam Grogg*
ADAM GROGG
BAILEY W. HEAPS
EMILY BROOKE NESTLER
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
phone: (202) 514-2395
fax: (202) 616-8470
email: adam.a.grogg@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 6, 2017, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ *Adam Grogg*
                                        ADAM GROGG