**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*,<br><br>                    *Plaintiffs*,<br><br>           v.<br><br>THOMAS E. PRICE, M.D., Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>                    *Defendants*. | No. 3:16-cv-386 |
| CATHOLIC BENEFITS ASSOCIATION, *et al.*,<br><br>                    *Plaintiffs*,<br><br>           v.<br><br>THOMAS E. PRICE, M.D., Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>                    *Defendants*. | No. 3:16-cv-432 |

**DEFENDANTS' MOTION FOR VOLUNTARY REMAND AND STAY**

The United States Department of Health and Human Services ("HHS") should be given the opportunity to reconsider the regulation at issue in these consolidated cases, based in part on the Administration's desire to assess the reasonableness, necessity, and efficacy of the two aspects of the regulation that are challenged here, and to address certain issues identified by another federal district court in granting a preliminary injunction against those aspects of the regulation. *See Franciscan Alliance v. Burwell*, No. 7:16-cv-108, 2016 WL 7638311 (N.D. Tex. Dec. 31, 2016).

Defendants respectfully request that the Court remand the regulation to HHS and stay this litigation pending the completion of rulemaking proceedings. A remand and stay would conserve the resources of the Court and of the parties and would avoid unnecessary adjudication of claims that may become moot in light of subsequent administrative proceedings. Leadership at HHS should be given an opportunity to reevaluate the regulation and address the issues raised in this litigation and in *Franciscan Alliance* through such proceedings. And because this Court's temporary stay of enforcement, and the *Franciscan Alliance* Court's nationwide preliminary injunction, would continue in force during the remand, a remand and stay would cause no prejudice to Plaintiffs.[1]

## BACKGROUND

These consolidated cases, *see* Order for Consolidation of Cases (Jan. 23, 2017), ECF No. 37, involve challenges to two provisions of a final rule issued by HHS in May 2016, *see Nondiscrimination in Health Programs and Activities* (the "Rule"), 81 Fed. Reg. 31,376 (May 18, 2016) (codified at 45 C.F.R. pt. 92). Specifically, Plaintiffs challenge whether the Rule "properly interprets" Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, as prohibiting "discrimination on the basis of gender identity and termination of pregnancy." Am. Order Staying Enforcement at 2 (Jan. 23, 2017), ECF No. 36; *see also id.* at 2-3 (clarifying that the Court's December 30, 2016 Order temporarily stays enforcement of the Rule's "prohibitions against discrimination on the bases of gender identity and termination of pregnancy" as to Plaintiffs).

As this Court has observed, "[o]n December 31, 2016, another federal district court in Texas issued a *nationwide* preliminary injunction against the same HHS regulations the Plaintiffs challenge here." *Id.* at 2 (citing *Franciscan Alliance*, 2016 WL 7638311). Specifically, the

---

[1] Counsel for Plaintiffs have informed the undersigned that the *Religious Sisters of Mercy* Plaintiffs oppose a remand but do not oppose a stay, and that the *Catholic Benefits Association* ("*CBA*") Plaintiffs oppose a remand and a stay.

*Franciscan Alliance* Court preliminarily enjoined enforcement of "the Rule's prohibition against discrimination on the basis of gender identity or termination of pregnancy." 2016 WL 7638311, at *22. Among other things, the *Franciscan Alliance* Court found that it likely had jurisdiction and that the plaintiffs there were likely to succeed on their claim that the challenged provisions of the Rule violate the Administrative Procedure Act. The court concluded that, by purporting to define prohibited sex discrimination to include discrimination on the basis of gender identity, the Rule is likely contrary to Section 1557 because the statute instead "prohibit[s] sex discrimination on the basis of the biological differences between males and females." *Id.* at *16. The court also found that the Rule is likely contrary to law because it does not incorporate certain statutory exemptions concerning religion and abortion. *See id.* at *18; *see also id.* at *20 (finding certain of the plaintiffs likely to succeed on their Religious Freedom Restoration Act challenge to the Rule).[2]

On March 1, 2017, in these cases, Defendants sought an extension of their deadline to answer or otherwise respond to the *Catholic Benefits Association* Plaintiffs' complaint in part so as to "provide opportunity for new leadership at the Department of Health and Human Services to become familiar with the issues in this case." Defs.' Unopposed Mot. for Ext. at 2 (March 1, 2017), ECF No. 40; *see also* Order (March 2, 2017), ECF No. 41 (granting Defendants' extension motion and setting June 5, 2017 as Defendants' deadline). HHS leadership has now had time to scrutinize the two aspects of the Rule at issue in these cases, and to consider the *Franciscan Alliance* Court's opinion and order preliminarily enjoining HHS from enforcing those aspects of the Rule, and has concerns as to the need for, reasonableness of, and burden imposed by those aspects of the Rule.

---

[2] Defendants have requested a remand and stay in *Franciscan Alliance* as well. *See* Defs.' Mot. for Voluntary Remand and Stay, *Franciscan Alliance v. Price*, No. 7:16-cv-108 (N.D. Tex. filed May 2, 2017), ECF No. 92.

3

HHS takes seriously the concerns expressed in the *Franciscan Alliance* Court's opinion, and the agency should be given the opportunity to initiate rulemaking proceedings to reconsider the Rule.

## ARGUMENT

"Courts have long recognized the propriety of voluntarily remanding a challenged agency action without judicial consideration of the merits, with or without admission of agency error." *Frito-Lay, Inc. v. U.S. Dep't of Labor*, 20. F. Supp. 3d 548, 552 (N.D. Tex. 2014) (citation omitted); *see, e.g.*, *Ohio Valley Envt'l Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 215 (4th Cir. 2009) ("When a court reviews an agency action, the agency is entitled to seek remand 'without confessing error, to reconsider its previous position.'" (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001))). "'An agency's motion to remand for reconsideration of its own decision is usually granted.'" *Am. Wild Horse Preservation Campaign v. Salazar*, 115 F. Supp. 3d 1, 3 (D.D.C. 2012) (alteration in the original) (quoting *Edward W. Sparrow Hosp. Ass'n v. Sebelius*, 796 F. Supp. 2d 104, 107 (D.D.C. 2011)). Courts "prefer[] to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *see id.* at 524 n.3 (collecting cases); *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) ("when an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons"). "[I]f the agency's concern" in seeking remand "is substantial and legitimate, a remand is usually appropriate." *SKF USA Inc.*, 254 F.3d at 1029; *see, e.g.*, *Sierra Club, Inc. v. St. Johns River Water Mgmt. Dist.*, No. 6:14-cv-1877, 2016 WL 1317775, at *3 (M.D. Fla. April 5, 2016) (remanding to the agency and staying court proceedings); *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 76 (D.D.C. 2015) (same).

4

Remanding the Rule to HHS is warranted here.[3] First, a remand would permit HHS to reconsider the challenged aspects of the Rule in light of its desire to assess the Rule's necessity, reasonableness, and efficacy—or lack thereof—and in light of Plaintiffs' challenges to it and the *Franciscan Alliance* Court's conclusion that certain of those challenges are likely to succeed. *See Citizens Against the Pellissippi Parkway Extension*, 375 F.3d at 416 (it may be "an abuse of discretion to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action"); *SKF USA Inc.*, 254 F.3d at 1029 (an "agency may request a remand (without confessing error) . . . to consider further the governing statute").

Second, granting a voluntary remand and staying this litigation while regulatory proceedings are ongoing "would preserve the Court's scarce judicial resources by providing [HHS] the opportunity to cure" any legal errors that may exist in the Rule. *Frito-Lay, Inc.*, 20 F. Supp. 3d at 554 (alterations and citation omitted); *see id.* at 554-55 (surveying cases and noting that courts "often rely on the principle of judicial economy" in granting motions for voluntary remand); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23, 25 (D.D.C. 2008) ("an agency wishing to reconsider its action should move the court to remand or hold the case in abeyance pending the agency's

---

[3] Pointing to a statement in the Rule's preamble that "'[w]here . . . HHS lacks jurisdiction over an employer . . . , HHS typically will refer or transfer [a complaint it has received under the Rule] to the [United States Equal Employment Opportunity Commission ("EEOC")] and allow that agency to address the matter,'" the *CBA* Plaintiffs have also named the EEOC as a defendant. *CBA* Pls.' Am. Verified Compl. ¶ 187 (March 29, 201), ECF No. 43 (alterations in the original omitted) (quoting 81 Fed. Reg. at 31,432); *see, e.g.*, *CBA* Pls.' Response to Defs.' Exped. Mot. for Tech. Correction at 2 (Jan. 20, 2017), ECF No. 15 (similar); *CBA* Pls.' Op. Br. in Supp. of Emerg. Mot. for TRO ("*CBA* TRO Mot.") at 8 (Dec. 28, 2016), ECF No. 4 (similar). If the Court grants Defendants' present motion, it should stay all proceedings and not adjudicate the *CBA* Plaintiffs' claims against the EEOC separately. *See Sperry Rand Corp. v. Larson*, 554 F.2d 868, 871 n.3 (8th Cir. 1977) (citing the "general judicial policy disfavoring piecemeal litigation"). In any event, the *CBA* Plaintiffs themselves have stated that their case "stands or falls" on their claims against HHS. *CBA* TRO Mot. at 8.

reconsideration," in part because remand "will serve the interest of allowing [the agency] to cure its own potential mistake rather than needlessly wasting the Court's and the parties' resources").

Third, and finally, a remand and stay would not prejudice Plaintiffs because this Court's temporary stay of enforcement and the *Franciscan Alliance* Court's preliminary injunction would remain in effect during the impending regulatory proceedings.

## CONCLUSION

Defendants request that the Court remand the Rule to HHS, and stay this litigation, pending further rulemaking proceedings by HHS.

Dated:   May 26, 2017                                  Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

/s/ *Adam Grogg*
ADAM GROGG
EMILY BROOKE NESTLER
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
phone: (202) 514-2395
fax: (202) 616-8470
email: adam.a.grogg@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 26, 2017, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ *Adam Grogg*
                                                ADAM GROGG