# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*,<br><br>    *Defendants*. | No. 3:16-CV-386 |
| CATHOLIC BENEFITS ASSOCIATION, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*,<br><br>    *Defendants*. | No. 3:16-CV-432 |

## STATUS REPORT

Pursuant to this Court's August 24, 2017 and January 6, 2020 Orders, Defendants hereby provide the following update on "all rulemaking proceedings initiated as to the challenged rule as well as any contemplated enforcement actions." ECF No. 56. *See also* 45 C.F.R. § 92.

As Defendants previously informed the Court, the Department of Health and Human Services (HHS) issued a Notice of Proposed Rulemaking (NPRM) on June 14, 2019, that proposes to amend the HHS regulations implementing Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, which are challenged in this litigation (hereafter, "current

regulations"). *See* Nondiscrimination in Health and Education Programs or Activities, Proposed Rules, 84 Fed. Reg. 27,846 (June 14, 2019).

Among other things, HHS "proposes to repeal the definition of 'on the basis of sex' that had been adopted in [the current regulations]." *Id.* at 27,857.  The proposed rule would not include a "definition of 'sex' for purposes of discrimination on the basis of sex in the regulation," *id.*, and instead would merely cross-reference Title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.) and thus prohibit sex discrimination "as defined by Title IX," *id.* at 27,861.[1]  The proposed rule also would make clear that HHS's "enforcement of Section 1557 (to the extent it incorporates Title IX), must be constrained by the statutory contours of Title IX, which include explicit abortion and religious exemptions." *Id.* at 27,864.  The NPRM proposes making those exemptions explicit in the regulations as well, by amending the regulations to provide that, "[i]nsofar as the application of any requirement under this part would violate, depart from, or contradict definitions, exemptions, affirmative rights, or protections provided by [a number of listed statutes, including Title IX] . . . or any related, successor, or similar Federal laws or regulations, such application shall not be imposed or required." *Id*. at 27,892.

---

[1] Defendants note that, on April 22, 2019, the Supreme Court granted three petitions for writs of certiorari, raising the question whether Title VII's prohibition on discrimination on the basis of sex also bars discrimination on the basis of gender identity or sexual orientation. *See Bostock v. Clayton Cty.*, 723 Fed. Appx. 964 (11th Cir. 2018), *cert granted*, No. 17-1618 (U.S. Apr. 22, 2019); *Altitude Express, Inc. v. Zarda*, 883 F.3d 100 (2d Cir. 2018), *cert granted*, No. 17-1623 (U.S. Apr. 22, 2019); *Equal Employment Opportunity Comm'n v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560 (6th Cir. 2018), *cert granted*, No. 18-107 (U.S. Apr. 22, 2019). A decision by the Supreme Court on the definition of "sex" under Title VII will likely have significant ramifications for the definition of "sex" under Title IX, even though the current regulations do not include sexual orientation in the definition of "on the basis of sex." *See, e.g.*, *Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 75 (1992).  The Supreme Court heard oral argument in these cases on October 8, 2019.

The comment period for the NPRM closed on August 13, 2019. Commenters submitted over 155,000 public comment submissions on the NPRM. HHS has reviewed the comments and plans to issue a final rule in fiscal year 2020.

Defendants request the opportunity to continue their ongoing efforts to amend the current regulations. Defendants will continue to abide by this Court's preliminary injunction and will therefore not enforce the current regulations' prohibition against discrimination on the basis of gender identity or termination of pregnancy.

Defendants also note that, on October 15, 2019, as clarified in an order of November 21, 2019, the United States District Court for the Northern District of Texas vacated the current regulations "insofar as the Rule defines '*On the basis of sex*' to include gender identity and termination of pregnancy," and remanded to Defendants for further consideration. *See Franciscan Alliance, Inc. v. Azar*, No. 16-cv-108-O, ECF Nos. 175, 182 (N.D. Tex.) (*Franciscan Alliance*). That the relevant portions of the current regulations have been vacated further weighs in favor of maintaining the current stay here. Neither the defendants nor the intervenors in *Franciscan Alliance* appealed the court's decision. And, while the plaintiffs have lodged an appeal, the purpose of that appeal is presumably not to ask the Fifth Circuit to uphold the relevant portion of the regulations that the plaintiffs have challenged. The plaintiffs' opening brief in that case is due to the Fifth Circuit on May 6, 2020.

DATED: April 3, 2020

        JOSEPH H. HUNT
        Assistant Attorney General
        Civil Division

        JENNIFER D. RICKETTS
        Director, Federal Programs Branch

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC  20005
Telephone: (202) 305-0878
Fax: (202) 616-8470
Email: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*