## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.* | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 3:16-cv-00386 |
| ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services, *et al.* | ) ) ) ) ) | |
| Defendants | ) ) ) | |
| CATHOLIC BENEFITS ASSOCIATION, *et al.,* | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 3:16-cv-00432 |
| ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; Victoria Lipnic, Acting Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | | |

**STATUS REPORT OF PLAINTIFFS THE CATHOLIC BENEFITS ASSOCIATION, DIOCESE OF FARGO, CATHOLIC CHARITIES NORTH DAKOTA, AND CATHOLIC MEDICAL ASSOCIATION**

Plaintiffs in Case No. 3:16-cv-00432, namely, The Catholic Benefits Association, Diocese of Fargo, Catholic Charities North Dakota, and Catholic Medical Association (collectively "CBA Plaintiffs") hereby provide this status report to the Court, which is in addition to the status report to be filed by Defendants today, August 5, 2020.

1

CBA Plaintiffs brought the action in Case No. 3:16-cv-00432 to challenge Defendants' interpretation of two provisions of federal law: Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, which prohibits sex discrimination in healthcare, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, which prohibits sex discrimination in employment. In 2016, Defendants had interpreted these laws to mandate that CBA Plaintiffs provide or cover medical procedures related to gender transition and abortion. CBA Plaintiffs contend that such a mandate violates the Religious Freedom Restoration Act, the First and Fifth Amendments, and the Administrative Procedure Act.

On October 15, 2019, the United States District Court for the Northern District of Texas vacated the regulation (the "2016 Rule") that was the basis of Defendants' mandate as derived from Section 1557. *See Franciscan Alliance, Inc. v. Azar*, No. 16-cv-108-O, ECF Nos. 175, 182 (N.D. Tex.). That order denied the plaintiff's request for injunctive relief and did not address whether Title VII itself mandates gender transition coverage in employer health plans. Last month, Defendant U.S. Department of Health and Human Services ("HHS") replaced the 2016 Rule with a new regulation, the "2020 Rule." *See* 85 Fed. Reg. 37,160 (June 19, 2020). The 2020 Rule concludes that Section 1557 cannot be interpreted to mandate the provision or coverage of gender transition and abortion procedures and, in any event, is subject to both a religious exemption and a requirement of neutrality toward abortion.

By issuing the 2020 Rule, HHS has effectively conceded the merits of CBA Plaintiffs' claims. Yet at least five lawsuits have been filed against HHS challenging the new rule.[1] In each of these cases, the plaintiffs contend that the 2020 Rule is unlawful and that Section 1557 must

---

[1] *See Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-01630 (D.D.C.); *New York v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-5583 (S.D.N.Y.); *Washington v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-01105 (W.D. Wash.); *Boston Alliance of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-11297 (D. Mass.); *Walker v. Azar*, No. 20-cv-02834 (E.D.N.Y.).

be interpreted to mandate the provision and coverage of gender transition procedures, including by religious organizations. All plaintiffs are seeking declaratory and injunctive relief against the 2020 Rule, which is scheduled to go into effect on August 18, 2020.

On June 15, 2020, the Supreme Court issued its decision in *Bostock v. Clayton County*, 140 S. Ct. 1731, 1741 (2020), holding that employment discrimination on the basis of gender identity is "discrimination . . . because of . . . sex" in violation of Title VII. The Court expressly limited its holding to the context of employment terminations and refused to say how its decision might affect "other policies and practices" and "other laws," like Section 1557. *Id.* at 1753. But Justice Alito in dissent pointed out that "[h]ealthcare benefits may emerge as an intense battleground under the Court's holding":

> Transgender employees have brought suit under Title VII to challenge employer-provided health insurance plans that do not cover costly sex reassignment surgery. Similar claims have been brought under [Section 1557 of] the Affordable Care Act (ACA), which broadly prohibits sex discrimination in the provision of healthcare.
>
> Such claims present difficult religious liberty issues because some employers and healthcare providers have strong religious objections to sex reassignment procedures, and therefore requiring them to pay for or to perform these procedures will have a severe impact on their ability to honor their deeply held religious beliefs.

*Id.* at 1781-82 (Alito, J., dissenting) (footnotes omitted). For its part, the *Bostock* majority emphasized that "[w]e are also deeply concerned with preserving the promise of the free exercise of religion," but noted that religious liberty protections were "questions for future cases." *Id.* at 1754 (maj. op.).

In light of these realities, CBA Plaintiffs submit that this case should remain stayed and that the parties should be required to file another status report in 60 days or upon the occurrence of significant legal developments affecting the case, whichever occurs first.

DATED: August 5, 2020.

        Respectfully submitted,

        <u>s/ *Ian Speir*</u>
        L. Martin Nussbaum
        Ian Speir
        Nussbaum Speir Gleason PLLC
        2 N. Cascade Ave., Suite 1430
        Colorado Springs, CO 80903
        (719) 428-4937
        martin@nussbaumspeir.com
        ian@nussbaumspeir.com

        *Attorneys for Plaintiffs The Catholic Benefits Association, Diocese of Fargo, Catholic Charities North Dakota, and Catholic Medical Association*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.

        <u>*s/ Ian Speir*</u>
        Ian Speir