# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*,<br><br>*Defendants*. | No. 3:16-CV-386 |
| CATHOLIC BENEFITS ASSOCIATION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*,<br><br>*Defendants*. | No. 3:16-CV-432 |

## STATUS REPORT

Pursuant to this Court's August 24, 2017 and July 7, 2020 Orders, Defendants hereby provide the following update on "all rulemaking proceedings initiated as to the challenged rule as well as any contemplated enforcement actions." ECF No. 56; Status Report Order (July 7, 2020). *See also* 45 C.F.R. § 92.

As Defendants previously informed the Court, the Department of Health and Human Services ("HHS") issued a Notice of Proposed Rulemaking ("NPRM") on June 14, 2019, that proposed to amend the HHS regulations implementing Section 1557 of the Patient Protection and

Affordable Care Act, 42 U.S.C. § 18116, which are challenged in this litigation (hereafter, "2016 regulations"). *See* Nondiscrimination in Health and Education Programs or Activities, Proposed Rules, 84 Fed. Reg. 27,846 (June 14, 2019).

HHS's published a Final Rule on June 19, 2020 that adopted the proposals in the NPRM with only "minor and primarily technical corrections." *See* Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160, 37,161 (June 19, 2020). Among other things, the Final Rule "repeals the 2016 Rule's definition of 'on the basis of sex.'" *Id*. at 37,178. The Final Rule declines to replace the definition with a new regulatory definition, and instead merely cross-references Title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.). *Id.* The Final Rule also makes clear that HHS's enforcement of Section 1557 (to the extent it incorporates Title IX), must be constrained by the statutory contours of Title IX, which include explicit abortion and religious exemptions. *See, e.g., id.* at 37,218. Accordingly, the Final Rule amends the relevant regulations to provide that, "[i]nsofar as the application of any requirement under this part would violate, depart from, or contradict definitions, exemptions, affirmative rights, or protections provided by [a number of listed statutes, including Title IX] . . . or any related, successor, or similar Federal laws or regulations, such application shall not be imposed or required." *Id*. at 37,245 (to be codified at 45 C.F.R. § 92.6(b)). The Final Rule's effective date is August 18, 2020. *Id.* at 37,160.

In light of the Final Rule, Defendants respectfully request that the Court maintain the current stay in this case and require Defendants to submit a status report on or before October 4, 2020, to inform the Court whether they believe further proceedings are required. In the meantime, Defendants will continue to abide by this Court's preliminary injunction and will therefore not

enforce the 2016 regulations' prohibition against discrimination on the basis of gender identity or termination of pregnancy.

Defendants also note that, on October 15, 2019, as clarified in an order of November 21, 2019, the United States District Court for the Northern District of Texas vacated the 2016 regulations "insofar as the Rule defines '*On the basis of sex*' to include gender identity and termination of pregnancy," and remanded to Defendants for further consideration. *See Franciscan Alliance, Inc. v. Azar*, No. 16-cv-108-O, ECF Nos. 175, 182 (N.D. Tex.) ("*Franciscan Alliance*"). That the relevant portions of the 2016 regulations have been vacated further weighs in favor of maintaining the current stay here. The plaintiffs opening brief in *Franciscan Alliance* is due today, August 5, 2020, and Defendants anticipate that developments in that appeal may impact these proceedings.

DATED: August 5, 2020

        ETHAN P. DAVIS
        Acting Assistant Attorney General
        Civil Division

        JENNIFER D. RICKETTS
        Director, Federal Programs Branch

        MICHELLE BENNETT
        Assistant Director, Federal Programs Branch

        */s/ Bradley P. Humphreys*
        BRADLEY P. HUMPHREYS
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW
        Washington, DC  20005
        Telephone: (202) 305-0878
        Fax: (202) 616-8470
        Email: Bradley.Humphreys@usdoj.gov

        *Counsel for Defendants*