# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEX M. AZAR, Secretary of the United States Department of Health and Human Service, *et al.*,<br><br>*Defendants.* | No. 3:16-cv-386 |
| CATHOLIC BENEFITS ASSOCIATION, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEX M AZAR, Secretary of the United States Department of Health and Human Service, *et al.*,<br><br>*Defendants.* | No. 3:16-cv-432 |

**PLAINTIFFS' UNOPPOSED MOTION TO LIFT STAY**

Plaintiffs in these consolidated cases ask the Court to lift the stay of this litigation and set an agreed schedule for filing and responding to amended complaints. Defendants consent to the relief requested by Plaintiffs.

**I.    Background**

Plaintiffs consist of certain religious healthcare providers, insurers, and organizations, as well as the State of North Dakota. Plaintiffs filed these cases in late 2016, following the issuance of a 2016 Rule by Defendant the U.S. Department of Health and Human Services (HHS) under the

1

Patient Protection and Affordable Care Act (ACA). Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31,376 (May 18, 2016); *see* ECF Nos. 1, 37. The 2016 Rule interpreted the ACA's prohibition on "sex" discrimination to include discrimination on the basis of "gender identity" and "termination of pregnancy." 81 Fed. Reg. at 31,467. Plaintiffs alleged that Defendants' interpretation of the ACA would require them to perform and provide insurance coverage for gender transitions and abortions in contravention of their religious beliefs and medical judgment, and that Defendants' actions therefore violated the Religious Freedom Restoration Act (RFRA), the First, Fifth, Tenth, and Eleventh Amendments, the Spending Clause, and the Administrative Procedure Act (APA). (Plaintiffs in No. 3:16-cv-432 also alleged that Defendant EEOC's interpretation and enforcement of Title VII was illegal for similar reasons.)

On December 30, 2016, this Court issued an order staying enforcement of the 2016 Rule against Plaintiffs. ECF No. 23. On January 23, 2017, the Court amended its December 30 order "to make clear that it temporarily stays enforcement, as to the named Plaintiffs, of Section 1557's prohibitions against discrimination on the bases of gender identity and termination of pregnancy." ECF No. 36. The Court noted that on December 31, 2016, another federal district court in Texas had issued a nationwide preliminary injunction prohibiting HHS from enforcing the 2016 Rule. *Id.* at 1; *Franciscan Alliance v. Burwell*, No. 16-cv-108, 2016 WL 7638311 (N.D. Tex. Dec. 31, 2016). This Court found "the order issued in *Franciscan Alliance* to be thorough and well-reasoned." ECF No. 36 at 2.

On May 26, 2017, Defendants filed a motion for voluntary remand and stay. ECF No. 45. Defendants requested "the opportunity to reconsider the regulation at issue . . . based in part on the Administration's desire to assess the reasonableness, necessity, and efficacy" of the 2016 Rule and "to address certain issues identified by [the *Franciscan Alliance*] federal district court in granting a preliminary injunction against those aspects of the regulation." *Id.* at 1. The parties then submitted briefs concerning the propriety of a stay or remand. ECF Nos. 46, 50, 51, 52, 53.

On August 24, 2017, the Court granted Defendants' motion for a stay and denied the motion for remand. ECF No. 56. The Court held that "a stay is warranted AND appropriate so that the

agency can revisit Section 1557 of the Affordable Care Act." *Id*. at 2. The Court also held that the consolidated cases would "be stayed in all respects until further Order of the Court in order to allow HHS to reconsider the controversial rules and regulations at issue." *Id.*

Defendants obtained a similar stay in *Franciscan Alliance*. In December 2018, however, the *Franciscan Alliance* parties jointly moved to lift the stay, which the Court granted. *Franciscan Alliance*, No. 16-cv-108, ECF No. 126 (N.D. Tex. Dec. 17, 2018). In February 2019, the *Franciscan Alliance* plaintiffs sought summary judgment on their RFRA and APA claims. *Id.*, ECF No. 135 (N.D. Tex. filed Feb. 4, 2019).

In May 2019—while the *Franciscan Alliance* summary-judgment motions were pending—HHS issued a Notice of Proposed Rulemaking to amend the 2016 Rule. ECF No. 71-1. Citing the *Franciscan Alliance* court's preliminary-injunction decision, the proposed rule stated that the Rule's definition of "sex" "exceeded [HHS's] authority under Section 1557." *Id*. at 15. The proposed rule sought to address this issue by repealing the 2016 Rule's definition of "sex" in its entirety, which, HHS said, would "allow the Federal courts, in particular, the U.S. Supreme Court . . . to resolve any dispute about the proper legal interpretation of" "sex" in Section 1557. *Id.* at 112-13. As the proposed rule noted, the Supreme Court had recently granted certiorari to decide whether "sex" discrimination under Title VII included discrimination on the basis of "sexual orientation" and "gender identity," in three cases that would later be decided together as *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). *Id.* at 40-41.

In October 2019, the *Franciscan Alliance* district court granted summary judgment for the plaintiffs. *Franciscan Alliance, Inc. v. Azar*, 414 F. Supp. 3d 928 (N.D. Tex. 2019). The court found "no reason to depart from its" preliminary-injunction analysis on the merits, concluding that the 2016 Rule violated both RFRA and the APA. *Id.* at 942. It concluded, however, that the proper remedy was vacatur of "the unlawful portions of" the 2016 Rule, "not a permanent injunction." *Id.* at 944-45; *see Franciscan*, No. 16-cv-108, ECF No. 182 (N.D. Tex. Nov. 21, 2019) (clarifying that the 2016 Rule was vacated "insofar as [it] defines 'On the basis of sex' to include gender identity and termination of pregnancy"). HHS did not appeal the court's ruling on the merits;

Plaintiffs, however, appealed the denial of injunctive relief to the Fifth Circuit, where briefing on the appropriate form of relief is currently underway.

On June 12, 2020, HHS issued a new Section 1557 rule, finalizing the rule proposed in 2019. *See* Nondiscrimination in Health and Health Education Programs or Activities (the 2020 Rule), 85 Fed. Reg. 37,160 (June 19, 2020). The 2020 Rule declined to replace the 2016 Rule's definition of "sex" with a new definition, reasoning instead that the Supreme Court's then-forthcoming decision in *Bostock* would "likely have ramifications for the definition of 'on the basis of sex' under Title IX." *Id.* at 37,168. Thus, simply repealing the prior definition would permit "application of the [*Bostock*] Court's construction." *Id*.

HHS also stated that the 2020 Rule was intended to respond to the fact that "the *Franciscan Alliance* court vacated portions of the 2016 Rule for failing to incorporate Title IX's exemption for religious institutions." *Id*. at 37,207. To that end, the 2020 Rule included language stating that "[i]nsofar as the application of any requirement under this part would violate, depart from, or contradict . . . exemptions . . . provided by any of" certain other statutes, including Title IX, "such application shall not be imposed or required." 45 C.F.R. § 92.6(b). HHS acknowledged, however, that the 2020 Rule did not itself include "a religious exemption, whether narrow or broad," nor did it "purport to construe the" exemptions referenced. 85 Fed. Reg. at 37,205.

Three days later, on June 15, 2020, the Supreme Court decided *Bostock*. 140 S. Ct. 1731 (2020). The Court held that when "an employer . . . fires someone simply for being homosexual or transgender," the employer has "discriminated against that individual 'because of such individual's sex'" within the meaning of Title VII. *Id.* at 1753. The Court cautioned, however, that its opinion did not "prejudge" the proper interpretation of "other federal or state laws that prohibit sex discrimination," *id.*, including Section 1557 and Title IX, *see id.* at 1779-82 & n.57 (Alito, J., dissenting). Indeed, the *Bostock* Court explained it was "deeply concerned with preserving the promise of the free exercise of religion," and that religious employers might not be liable under Title VII "in cases like ours" if complying would require them "to violate their religious convictions." *Id*. at 1753-54 (majority opinion).

Following *Bostock*, plaintiffs in multiple jurisdictions sued HHS, challenging the 2020 Rule in light of *Bostock* and seeking restoration of the 2016 Rule, in whole or in part. *See Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-01630 (D.D.C. filed June 22, 2020); *Walker v. Azar*, No. 20-cv-02834 (E.D.N.Y. filed June 26, 2020); *Boston All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-11297 (D. Mass. filed July 9, 2020); *Washington v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-01105 (W.D. Wash. filed July 16, 2020); *New York v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-05583 (S.D.N.Y. filed July 20, 2020).

In this new round of litigation, two district courts have now entered "overlapping injunctions," *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 20-cv-01630, 2020 WL 5232076, at *41 (D.D.C. Sept. 2, 2020) (internal quotation marks omitted), preventing the 2020 Rule "from becoming operative" and reinstating portions of the 2016 Rule, *Walker v. Azar*, No. 20-cv-02834, 2020 WL 4749859, at *1 (E.D.N.Y. Aug. 17, 2020). One of these courts has specifically held that portions of the 2016 Rule vacated by the *Franciscan Alliance* district court— including "the definitions of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping'"— "remain in effect." *Walker*, 2020 WL 4749859, at *10. The other court has held that a portion of the 2016 Rule purportedly not vacated by the *Franciscan Alliance* court—namely, defining "sex" to include "sex stereotyping"—independently prohibits "[d]iscrimination based on transgender status—*i.e.*, gender identity." *Whitman-Walker*, 2020 WL 5232076, at *23, 45.

**II.    Argument**

The parties respectfully request that the Court lift the stay entered on August 24, 2017, ECF No. 56. The Court stayed these consolidated cases "in order to allow HHS to reconsider the controversial rules and regulations at issue." *Id.* HHS has now reconsidered the 2016 Rule and finalized the 2020 Rule, so—as the parties agree—there is now no reason for the stay to be maintained.

Upon the lifting of the stay, Plaintiffs intend to file amended complaints revising their allegations and claims to account for factual developments after the stay was entered, including

those summarized above. Plaintiffs filed these cases because Defendants' interpretation of the ACA threatened to require them to perform and provide insurance coverage for gender transitions and abortions in violation of their religious beliefs and medical judgment. The particular regulation in which Defendants first promulgated that interpretation has now been vacated in part. But other federal courts have now called into question the efficacy of the vacatur, purporting to revive the very provisions of the 2016 Rule that burdened Plaintiffs. Moreover, in light of *Bostock*, even Defendants' current regulation interpreting Section 1557—the 2020 Rule—threatens to reimpose the same requirement Plaintiffs have challenged throughout this case. Plaintiffs therefore intend to continue to seek final injunctive relief from this Court.

The parties have agreed that Plaintiffs, with Defendants' consent, will file amended complaints within 14 days of an order of this Court lifting the stay. The parties further agree that Defendants' response to Plaintiffs' amended complaints will be due within 30 days after the filing of the amended complaints.

## III.   Conclusion

Plaintiffs respectfully request that the Court lift the stay and set an agreed schedule for the filing of Plaintiffs' amended complaints, and Defendants' responses to the amended complaints, as set out above. Defendants consent to the relief requested.

Respectfully submitted this 6th day of November, 2020.

| | |
|---|---|
| /s/ Luke W. Goodrich | /s/ Wayne Stenehjem |
| Luke W. Goodrich | Wayne Stenehjem |
| Mark L. Rienzi | Attorney General of North Dakota |
| The Becket Fund for Religious Liberty | 600 E. Boulevard Avenue |
| 1200 New Hampshire Ave. NW | Bismarck, ND 58505-0040 |
| Suite 700 | Telephone: (701) 328-2210 |
| Washington, DC 20036 | Facsimile: (701) 328-2226 |
| Telephone: (202) 349-7216 | |
| Facsimile: (202) 955-0090 | Matthew Sagsveen |
| lgoodrich@becketfund.org | Solicitor General |
| | N.D. Office of Attorney General |
| | 500 N. 9th Street |
| *Counsel for Plaintiffs Religious Sisters of Mercy, Sacred Hearth Mercy Health Care Center (Jackson, MN); Sacred Heart Mercy Health Care Center (Alma, MI); SMP Health System, and University of Mary* | Bismarck, ND 58501 |
| | Telephone: (701) 328-3640 |
| | Facsimile: (701) 328-4300 |
| | *Counsel for Plaintiff North Dakota* |

 /s/ Ian Speir
Ian Speir
L. Martin Nussbaum
Nussbaum Speir Gleason PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-4937
ian@nussbaumspeir.com

*Attorneys for Plaintiffs The Catholic Benefits Association, Diocese of Fargo, Catholic Charities North Dakota, and Catholic Medical Association*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, the foregoing was served on all parties via ECF.

                          /s/ Luke W. Goodrich
                          Luke W. Goodrich