IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*,<br><br>   *Plaintiffs,*<br><br>v.<br><br>ALEX M. AZAR, Secretary of the United States Department of Health and Human Service, *et al.*,<br><br>   *Defendants.* | No. 3:16-cv-386<br><br>**[Proposed] Order Granting Plaintiffs' Motion for Partial Summary Judgment and Request for Permanent Injunction** |
| CATHOLIC BENEFITS ASSOCIATION, *et al.*<br><br>   *Plaintiffs,*<br><br>v.<br><br>ALEX M AZAR, Secretary of the United States Department of Health and Human Service, *et al.*,<br><br>   *Defendants.* | No. 3:16-cv-432 |

  Before the Court is Plaintiffs' motion for summary judgment on Counts I-V, XIII, and XV of their amended complaint (ECF No. 95). Plaintiffs request that the Court grant summary judgment in their favor on their claims under the Religious Freedom Act ("RFRA"), the Administrative Procedure Act ("APA"), and the Spending Clause. Plaintiffs also ask this Court for declaratory relief and to permanently enjoin Defendants Alex M. Azar II, in his official capacity as Secretary of the U.S. Department of Health and Human Services, and the U.S. Department of Health and

Human Services (collectively, "HHS"), from interpreting and enforcing Section 1557 of the Affordable Care Act ("ACA") against them in a manner that would require them to perform or provide insurance coverage for gender-transition procedures and abortions.

Having considered the parties' submissions and applicable law, the Court **GRANTS** Plaintiffs' motion for summary judgment. The Court hereby **DECLARES** that HHS's interpretation of Section 1557 violates RFRA by forcing the private Plaintiffs to violate their religious beliefs without satisfying strict scrutiny. HHS's interpretation of Section 1557 violates the APA by misinterpreting Section 1557 and failing to incorporate a statutorily mandated religious exemption from Title IX. And HHS's interpretation of Section 1557 violates the Spending Clause by imposing unauthorized and coercive conditions on Plaintiff North Dakota.

Furthermore, Plaintiffs have established that they satisfy all four factors necessary for obtaining a permanent injunction. *Bank One, Utah v. Guttau*, 190 F.3d 844, 847 (8th Cir. 1999). First as explained above, Plaintiffs are entitled to judgment on the merits of their RFRA, APA, and Spending Clause claims. Second, Plaintiffs will suffer irreparable harm for violations of their statutory and constitutional rights unless Defendants are permanently enjoined from enforcing Section 1557 to compel Plaintiffs to perform or cover gender-transition procedures and abortions. Third, the threatened injury to Plaintiffs outweighs any injury to Defendants resulting from this injunction. Fourth, the public interest in the vindication of Plaintiffs' statutory and constitutional rights favors the entry of an injunction.

The Court therefore **GRANTS** Plaintiffs' request for a permanent injunction. The Court **PERMANENTLY ENJOINS AND RESTRAINS** Defendants, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Section 1557 of the ACA, 42 U.S.C. § 18116(a), against Plaintiffs, their

current and future members, and those acting in concert with them, in a manner that would require them to perform or provide insurance coverage for gender-transition procedures (including any surgery, counseling, provision of pharmaceuticals, or other treatments sought in furtherance of a gender transition) or abortions, including by denying Federal financial assistance to Plaintiffs because of their failure to perform or provide insurance coverage for such procedures or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions. The Court also **PERMANENTLY ENJOINS AND RESTRAINS** Defendants, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from enforcing any existing Section 1557 regulations against Plaintiffs, their current and future members, and those acting in concert with them, in a manner that would require them to perform or provide insurance coverage for gender-transition procedures or abortions, including by any of the means set out above.

For the reasons set forth herein, Plaintiffs' motion for summary judgment and request for a permanent injunction are GRANTED. The Court further orders that any motion by Plaintiffs for attorney's fees or costs shall be submitted within 30 days from the date of this Order. The Court shall retain jurisdiction as necessary to enforce this Order.

IT IS SO ORDERED.

_____
Peter D. Welte, Chief Judge
United States District Court