IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> NORRIS COCHRAN, Acting Secretary of the United States Department of Health and Human Service, *et al.*, <br><br> *Defendants.* | No. 3:16-cv-386 |
| CATHOLIC BENEFITS ASSOCIATION, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> NORRIS COCHRAN, Acting Secretary of the United States Department of Health and Human Service, *et al.*, <br><br> *Defendants.* | No. 3:16-cv-432 |

**PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT AND FOR EXTENSION OF TIME TO FILE FOR FEES AND COSTS**

In light of this Court's summary-judgment decision and issuance of a permanent injunction (ECF No. 124), Plaintiffs, by and through their respective counsel, respectfully move this Court to enter final judgment in accordance with Fed. R. Civ. P. 58. Plaintiffs also request an extension of the time to file a motion for fees and costs until 60 days after the expiration of any deadline for appeal (if there is no appeal) or

1

after final resolution of all appeals (if there is an appeal). Defendants do not oppose this motion.

In support of this motion, Plaintiffs state:

1. On January 19, 2021, this Court granted summary judgment and a permanent injunction to Plaintiffs on their claims under the Religious Freedom Restoration Act (*i.e.* Counts I-II of the Amended Complaint for the Plaintiffs in Case No. 16-386 (ECF No. 95)), and Counts XI and XII of the Amended Complaint for the Plaintiffs in Case No. 16-432 (ECF No. 97)), to the extent those claims challenge the interpretations of Section 1557 and Title VII that require Plaintiffs to perform and provide insurance coverage for gender-transition procedures. ECF No. 124 at 55. To the extent those claims relate to abortion or "Title IX and other unidentified federal laws," the Court dismissed them without prejudice. *Id.* The Court also dismissed without prejudice the claims under the Administrative Procedure Act alleged by the Plaintiffs in Case No. 16-386 (*i.e.*, Counts III-V of those Plaintiffs' Amended Complaint).

2. Plaintiff North Dakota had also moved for summary judgment on its claims under the Spending Clause (*i.e.*, Counts XIII and XV of the Amended Complaint for the Plaintiffs in Case No. 16-432 (ECF No. 95)). In its January 19 order, the Court held it had jurisdiction to consider these claims, ECF No. 124 at 43, but it resolved the claims in Defendants' favor as a matter of law, *id.* at 48-53. Although Defendants had not moved for summary judgment, the order was, "in sum and substance, a grant of summary judgment to" Defendants on these claims, since the order "made no reference to any factual disputes that required resolution at trial." *Acton v. City of Columbia*, 436 F.3d 969, 974 (8th Cir. 2006); *see* ECF No. 124 at 48-49 ("The answer is yes" that Congress "furnish[ed] clear notice regarding the liability at issue." (internal quotation marks omitted)); *id.* at 52 (the "conditions on funds" at issue "do not implicate the coercion doctrine"); *see also* Fed. R. Civ. P. 56(f) (permitting

summary judgment independent of a motion). In this Circuit, such a denial is "final" for purposes of appeal. *Acton*, 436 F.3d at 973-75.

3. On February 18, 2021, Plaintiffs voluntarily dismissed without prejudice all claims not resolved in the Court's January 19 order. Because that dismissal, combined with the January 19 order, leaves "nothing … for the district court to resolve," it "thereby creat[es] a final judgment." *Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006).

4. Rule 58 of the Federal Rules of Civil Procedure provides that "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). Now that all claims have been resolved, Plaintiffs respectfully "request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).

5. Once the Court enters judgment under Rule 58, Plaintiffs ordinarily would have 14 days from that date to seek fees and expenses as prevailing parties in this action. Fed. R. Civ. P. 54(d)(2)(B)(i); *Cardinal Health 110, Inc. v. Cyrus Pharm., LLC*, 560 F.3d 894, 902 (8th Cir. 2009). In the interests of judicial economy and avoiding duplicative fee litigation, however, Plaintiffs respectfully request that the Court extend the time to file a motion for fees and expenses until 60 days after the expiration of the deadline to appeal (if there is no appeal) or after final resolution of all appeals (if there is an appeal). *See* Fed. R. Civ. P. 54(d)(2)(B) (default deadline applies "[u]nless a … court order provides otherwise"); *see also, e.g.*, Order Disposing of Remaining Claims at 3, *Business Leaders in Christ v. Univ. of Iowa*, No. 3:17-cv-00080-SMR-SBJ (S.D. Iowa Feb. 19, 2019), ECF No. 123 (granting similar extension); Order, *E. Tex. Baptist Univ. v. Sebelius*, Civil No. 12-cv-3009 (S.D. Tex. Feb. 4, 2014), ECF No. 138 (extending time "for filing a petition for fees and expenses" to a date to be set "after the resolution of the appeal in this case, if any").

6. Plaintiffs have submitted a proposed judgment alongside this motion. In accordance with Rule 58, that judgment "sets forth the relief granted," *i.e.*, the relief

3

as set out in this Court's January 19 order. *See Local Union No. 1992 of Int'l Brotherhood of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 285 (3d Cir. 2004). The proposed judgment also reflects the extension of the time to file for costs and fees. *Accord id.* ("[T]he succinct statement in a judgment that an attorneys' fee motion is deferred for future resolution is perforce consistent with Rule 58").

7. The proposed judgment also includes clarifying language regarding Defendants' compliance with the Court's order prior to and upon becoming aware of an entity's status as a member of Plaintiff The Catholic Benefits Association. This clarifying language was negotiated and agreed upon by counsel for Plaintiffs in Case No. 16-432 and counsel for Defendants, and is the same as the language previously submitted by Defendants as a proposed clarification of the Court's injunction in Defendants' Motion to Modify Order (ECF No. 130). Thus, if the Court grants this motion and enters the proposed judgment, the parties agree that Defendants' motion would become moot.

8. In accordance with the Court's desire to facilitate "resolution of the remaining claims," ECF No. 124 at 57, granting this motion and entering final judgment will conclude this litigation before this Court and clarify the time for the filing of any appeals and requests for fees and expenses.

Respectfully submitted this 18th day of February, 2021.

| | |
|---|---|
| /s/ Luke W. Goodrich | /s/ Wayne Stenehjem |
| Luke W. Goodrich | Wayne Stenehjem |
| Mark L. Rienzi | Attorney General of North Dakota |
| Joseph C. Davis | 600 E. Boulevard Avenue |
| Daniel L. Chen | Bismarck, ND 58505-0040 |
| The Becket Fund for Religious Liberty | Telephone: (701) 328-2210 |
| 1919 Pennsylvania Ave. NW | Facsimile: (701) 328-2226 |
| Suite 400 | |
| Washington, DC 20006 | Matthew Sagsveen |
| Telephone: (202) 349-7216 | Solicitor General |
| Facsimile: (202) 955-0090 | N.D. Office of Attorney General |
| lgoodrich@becketlaw.org | 500 N. 9th Street |

*Counsel for Plaintiffs Religious Sisters of Mercy; Sacred Heart Mercy Health Care Center (Alma, MI); SMP Health System, and University of Mary*

 /s/ Ian Speir 
Ian Speir
L. Martin Nussbaum
Nussbaum Speir Gleason PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-4937
ian@nussbaumspeir.com

*Attorneys for Plaintiffs The Catholic Benefits Association, Diocese of Fargo, Catholic Charities North Dakota, and Catholic Medical Association*

Bismarck, ND 58501
Telephone: (701) 328-3640
Facsimile: (701) 328-4300

*Counsel for Plaintiff North Dakota*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, the foregoing was served on all parties via ECF.

 /s/ Luke W. Goodrich 
Luke W. Goodrich