IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*, <br><br>    *Plaintiffs,* <br><br>    v. <br><br> XAVIER BECERRA, Secretary of the United States Department of Health and Human Service, *et al.*, <br><br>    *Defendants.* | No. 3:16-cv-386 |
| CATHOLIC BENEFITS ASSOCIATION, *et al.* <br><br>    *Plaintiffs,* <br><br>    v. <br><br> XAVIER BECERRA, Secretary of the United States Department of Health and Human Service, *et al.*, <br><br>    *Defendants.* | No. 3:16-cv-432 |

**DEFENDANTS' SUPPLEMENTAL FILING REGARDING
PROCEDURAL POSTURE ON REMAND**

  Defendants provide this supplemental filing regarding the procedural posture of the litigation pursuant to this Court's July 17, 2023 Minute Order.[1] The Eighth Circuit determined that the Catholic Benefits Association ("CBA") lacks associational standing. *See Religious Sisters of*

---

[1] Defendants raise the jurisdictional arguments contained herein in light of the Court's instruction to submit "any further filings" regarding the issues the CBA Plaintiffs raised in their request for a status conference by 5:00 PM on Friday, July 21. ECF 150. However, in the event the Court adopts CBA Plaintiffs' proposal and permits them to move for summary judgment on remand, Defendants intend to cross move to dismiss for lack of subject matter jurisdiction.

*Mercy v. Becerra*, 55 F.4th 583, 609 (8th Cir. 2022). Accordingly, the CBA Plaintiffs' case no longer presents a live case or controversy and should dismissed. *See* Fed R. Civ. P. 12(h)(3). Consistent with the Eighth Circuit's mandate, the Court should also modify its final judgment to exclude the CBA and its unnamed members from the scope of the permanent injunction.

## RELEVANT BACKGROUND

As relevant here, Plaintiffs in these consolidated cases moved, with Defendants' consent, to lift the stay of the proceedings that had been in place since 2017. ECF No. 92. The Court granted that motion and allowed Plaintiffs to amend their complaints, which Plaintiffs did on November 23, 2020. Order (Nov. 9, 2020); ECF No. 95; ECF No. 97. Plaintiffs also moved at the time for partial summary judgment and for injunctive relief. *See* ECF No. 96; ECF No 98.

On January 19, 2021, this Court granted the Plaintiffs' motions for partial summary judgment and injunctive relief as to their Religious Freedom Restoration Act (RFRA). *See Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113, 1153 (D.N.D. 2021). The Court concluded that the CBA Plaintiffs lacked standing to sue HHS because none of the CBA Plaintiffs received federal funding, and thus they are not regulated entities under Section 1557. *Id*. at 1136–37 ("Section 1557 does not apply directly to the named [CBA] Plaintiffs. . . . None of the [CBA] Plaintiffs aver that their own health plans receive federal funding. . . . Those Plaintiffs thus lack standing to challenge Section 1557 in their own capacities."). However, the Court concluded that the CBA had associational standing to sue both HHS and the EEOC on behalf of its unnamed members who receive federal funding. *Id.* at 1137, 1141. Following the Court's order, the Parties jointly moved for entry of final judgment, which the Court entered on February 19, 2021. ECF No. 133.

On review, the Eighth Circuit reversed the Court's conclusion that the CBA has associational standing to sue on behalf of its unnamed members. *See Religious Sisters of Mercy*, 55 F.4th at 609. The Eighth Circuit explained that the Supreme Court has instructed that "[a] court cannot 'accept[] the organizations' self-descriptions of their membership' because 'the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties.'" *Id.* at 602 (second alteration in original) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)). Thus, "the [Supreme] Court 'require[s] plaintiffs claiming an organizational standing to identify members who have suffered the requisite harm.'" *Id*. (second alteration in original) (quoting *Summers*, 555 U.S. at 499). The Eighth Circuit concluded that the CBA "failed to identify members who have suffered the requisite harm." *Id*. It thus held that "the CBA lacks associational standing to sue on behalf of unnamed members" as to both Section 1557 and Title VII. *Id*. As to only the named CBA Plaintiffs, the Eighth Circuit found standing and concluded that their claims were justiciable. *See id*. at 602–07.

The Eighth Circuit otherwise upheld this Court's conclusions and affirmed the Court's "grant of permanent injunctive relief except to the extent it recognizes the associational standing of the CBA." *Id.* at 609. The Eighth Circuit remanded for further proceedings consistent with its opinion. *Id.* The CBA Plaintiffs sought rehearing of the Eighth Circuit's holding that the CBA lacks associational standing. Defendants also sought rehearing of other aspects of the Eighth Circuit's decision.  Howeverhe Eighth Circuit denied both requests without further explanation.

## **ARGUMENT**

Whenever a federal court lacks subject matter jurisdiction over a dispute, the lawsuit should be dismissed. Fed. R. Civ. P. 12(h)(3); *see Higgins Elec., Inc. v. O'Fallon Fire Prot. Dist.*, 813 F.3d 1124, 1128 (8th Cir. 2016) ("Article III standing must be decided first by the court and

3

presents a question of justiciability; if it is lacking, a federal court has no subject-matter jurisdiction over the claim." (quotation omitted)); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) ("When it becomes clear a case originally filed in federal court does not belong there because the plaintiffs lack Article III standing, generally the appropriate remedy is to dismiss without prejudice.").

Although this Court concluded that the CBA had associational standing, the Eighth Circuit disagreed and "h[e]ld that the CBA lacks associational standing to sue on behalf of its unnamed members." *Religious Sisters of Mercy*, 55 F.4th at 602. The CBA Plaintiffs petitioned for rehearing of that holding, but the Eighth Circuit denied that request. The CBA's claims should therefore be dismissed. *See* Fed. R. Civ. P. 12(h)(3).[2]

Contrary to the clear rule that a case lacking subject matter jurisdiction must be dismissed, the CBA Plaintiffs contend that the Eighth Circuit issued a "general remand" that would allow the Court to reevaluate the question of the CBA's standing and to consider additional evidence together with the CBA Plaintiffs' proposed renewed motion for summary judgment. ECF No. 147 at 3. Neither of the cases the CBA Plaintiffs cite in support of that proposition—*Poletti v. Commissioner of Internal Revenue*, 351 F.2d 345 (8th Cir. 1965), and *Republican Party of Minnesota v. White*, 416 F.3d 738 (8th Cir. 2005)—remotely suggests that further proceedings in this litigation would be appropriate.

In *Poletti*, a panel of the Eighth Circuit had remanded a petition for review to the Tax Court after concluding that the Tax Court had failed to apply a common-law rule allowing taxpayers to

---

[2] The remaining CBA Plaintiffs—the CBA's named members—for their part have already obtained the full relief that they sought in their Amended Complaint. *See* ECF No. 133. The CBA Plaintiffs did not appeal this Court's judgment, nor have they proposed any further proceedings with respect to CBA's named members. *See* ECF No. 147.

4

claim certain tax deductions. On remand, the Tax Court applied the common-law rule in calculating petitioners' tax deductions, as required, but it denied petitioners' request for a rehearing in order to allow the submission of additional evidence. Petitioners then sought Eighth Circuit reviewagain, and the Eighth Circuit concluded that the Tax Court had followed the mandate by applying the common-law rule, and that the Tax Court did not err by declining to reopen issues that were "expressly or impliedly disposed of" on the first appeal. *Poletti*, 351 F.2d at 349. In doing so, the Eighth Circuit explained that "[w]hen a case has been decided by this court on appeal and remanded to the District Court, every question which was before this court and disposed of by its decree is finally settled and determined." *Id.* at 349 (quoting *Thompson v. Carter*, 109 F.2d 316, 319 (8th Cir. 1940)).

The CBA Plaintiffs ignore the instruction from *Poletti* that issues already considered by an appellate court—like the CBA's standing—are "finally settled and determined." They quote from a "corollary" to the principal that "a mandate is completely controlling as to all matters within its compass," articulated in *Poletti*, that "upon a reversal and remand for further consistent proceedings, the case goes back to the trial court for a new determination of the issues presented as though they had not been determined before, pursuant to the legal principals enunciated in the appellate court's opinion, which must be taken as the law of the case." ECF No. 147 (quoting *Poletti*, 351 F.2d at 347). That corollary does *not* mean that the CBA Plaintiffs can relitigate what the Eighth Circuit already decided—*i.e.*, that the CBA lacks associational standing. Rather, it means that the district court should evaluate the "issues presented" consistent with the appeals court's mandate. Here, the Eighth Circuit "h[e]ld that the CBA lacks associational standing to sue on behalf of unnamed members," *Religious Sisters of Mercy*, 55 F.4th at 602, and that is now "the law of the case," *see Poletti*, 351 F.2d at 347. Because standing, unlike the questions decided on

5

appeal in *Poletti*, is jurisdictional, there are no further issues to consider, and the only appropriate course is dismissal. The CBA Plaintiffs' contrary argument—that the Court should reopen the question of CBA's standing and consider additional evidence—turns *Poletti*'s clear instruction on its head by ignoring the Eighth Circuit's mandate.

*Republican Party of Minnesota v. White*, also does not support the CBA Plaintiffs' contention. In that case, the Eighth Circuit considered constitutional claims upon remand from the Supreme Court. The Eighth Circuit quoted *Poletti* to explain that the court owed no deference to previous panel opinions that had considered the parties' arguments before the Supreme Court's remand. *See Republican Party of Minn.*, 416 F.3d at 745. The decision nowhere suggests that a district court may reopen an appellate determination regarding standing—which would be contrary to the Federal Rules of Civil Procedure and other Eighth Circuit precedent. *See* Fed. R. Civ. P. 12(h)(3); *Wallace*, 747 F.3d at 1033

Because the Eighth Circuit held that the CBA lacks associational standing, CBA's claims against both HHS and EEOC should be dismissed. Moreover, in order to conform the Court's final judgment with the Eighth Circuit's mandate—which affirmed the Court's "grant of permanent injunctive relief to the plaintiffs *except to the extent it recognizes the associational standing of the CBA*," *Religious Sisters of Mercy*, 55 F.4th at 609 (emphasis added)—the Court should modify its final judgment to exclude the CBA and its unnamed members from the scope of the permanent injunction. *See Summers*, 555 U.S. at 493 (explaining that Article III standing is required for injunctive relief); *see also Poletti*, 351 F.2d at 349.

**CONCLUSION**

For the reasons discussed herein, Defendants respectfully submit that the Court lacks jurisdiction over the CBA's claims and that the Court should modify its final judgment to exclude the CBA and its unnamed members from the scope of the permanent injunction.

Dated:   July 21, 2023                              Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

/s/ *Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington, DC  20005
Telephone: (202) 305-0878
Email: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*