IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| THE RELIGIOUS SISTERS OF MERCY, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> XAVIER BECERRA, *et al.*, <br><br> *Defendants.* | No. 3:16-cv-386 <br><br> **RSM Plaintiffs' Filing Pursuant to Court's July 17 Docket Entry** |

Plaintiffs the Religious Sisters of Mercy, Sacred Heart Mercy Healthcare Center, SMP Health System, and the University of Mary (collectively, the "RSM Plaintiffs") submit this filing pursuant to the Court's request for "any further filings" related to matters discussed at the parties' July 17 status conference. Dkt.150.

As counsel explained at the status conference, the case brought by the RSM Plaintiffs is over; this Court entered a permanent injunction in their favor, which the Eighth Circuit affirmed, and Defendants declined to seek certiorari. All that remains for the RSM Plaintiffs is to seek attorney's fees, the deadline for which is currently August 21. Dkt.146.

At the status conference, Defendants' counsel indicated its desire that determination of fees for the RSM Plaintiffs be deferred until the remaining litigation—which is solely between Defendants and the *other* plaintiffs in these consolidated cases, the CBA Plaintiffs—has concluded. The RSM Plaintiffs disagree.

Requiring the RSM Plaintiffs to await the conclusion of a different case brought by different plaintiffs before recovering their fees would be prejudicial. Further proceedings in that litigation could be protracted. The CBA Plaintiffs have stated that they intend to file another motion for summary judgment (Dkt. 151), and Defendants have stated they intend to cross move to dismiss for lack of subject matter jurisdiction

1

(Dkt. 152). Thus, either way this Court rules could prompt another appeal—pushing the RSM Plaintiffs' fee recovery back another year or more. *See, e.g.*, Defs.' Notice of Appeal, Dkt.136 (Apr. 20, 2021); Eighth Cir. Mandate, Dkt.143 (Mar. 28, 2023). The RSM Plaintiffs have already litigated this case for almost seven years; they are undisputedly entitled to fees now, and they should not have to wait indefinitely to recover them.

Moreover, deferral would serve no legitimate purpose. Neither of the central factors for determining the RSM Plaintiffs' fee recovery—their hours spent and their hourly rate—depends on what happens in the rest of the CBA Plaintiffs' litigation. The suggested deferral appears to be merely for Defendants' strategic advantage. But the strategic advantage of the civil-rights violator is not the foremost consideration of fee-shifting under Section 1988.

Determining fees is not supposed to be "a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Fees should be determined quickly "while the services performed are freshly in mind." Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments.

Accordingly, the RSM Plaintiffs respectfully request that the Court consider a fee petition from the RSM Plaintiffs in the ordinary course—not defer resolution of fees until after the conclusion of the CBA Plaintiffs' case. And the RSM Plaintiffs respectfully request that the Court make clear in any forthcoming order that resolution of fees will not be deferred.

Respectfully submitted this 21st day of July, 2023.

/s/ Luke W. Goodrich
Luke W. Goodrich
Mark L. Rienzi
Joseph C. Davis
Daniel L. Chen
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
Telephone: (202) 349-7216
Facsimile: (202) 955-0090
lgoodrich@becketlaw.org

*Counsel for Plaintiffs Religious Sisters of Mercy; Sacred Heart Mercy Health Care Center; SMP Health System, and University of Mary*

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023, the foregoing was served on all parties via ECF.

/s/ Luke W. Goodrich
Luke W. Goodrich

3