Local AO 450 (rev. 1/23)

# United States District Court
### District of North Dakota

The Religious Sisters of Mercy, et al.,

      Plaintiffs,

vs.

Norris Cochran, Acting Secretary of the United States Department of Health and Human Services, et al.,

      Defendants.

AMENDED JUDGMENT IN A CIVIL CASE

Case No.   3:16-CV-386

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☐ **Decision on Motion**. This action came before the Court on motion. The issues have been considered and a decision rendered.

☐ **Stipulation**. This action came before the court on motion of the parties. The issues have been resolved.

☐ **Dismissal**. This action was voluntarily dismissed by Plaintiff pursuant to Fed. R. Civ. P.  41(a)(1)(ii).

**IT IS ORDERED AND ADJUDGED:**

See attached.

Date:   October 11, 2023

KARI M. KNUDSON, CLERK OF COURT

by:  */s/ Shantel Jacobson, Deputy Clerk*

...

**JUDGMENT IS ENTERED** in favor of the CBA Plaintiffs as to their claims under the Religious Freedom Restoration Act ("RFRA") challenging the interpretations of Section 1557 and Title VII that require the CBA Plaintiffs to perform and provide insurance coverage for gender-transition procedures.

The Court **DECLARES** that Defendant, the U.S. Department of Health & Human Services' ("HHS"), interpretation of Section 1557 that requires the CBA Plaintiffs to perform and provide insurance coverage for gender-transition procedures[*] violates their sincerely held religious beliefs without satisfying strict scrutiny under the RFRA. Accordingly, the Court **PERMANENTLY ENJOINS AND RESTRAINS** HHS, Secretary Becerra, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a), or any implementing regulations thereto against the CBA Plaintiffs in a manner that would require them to perform or provide insurance coverage for gender-transition procedures, including by denying federal financial assistance because of their failure to perform or provide insurance coverage for such procedures or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions.

The Court further **DECLARES** that Defendant the Equal Employment Opportunity Commission's ("EEOC") interpretation of Title VII that requires the CBA Plaintiffs to provide insurance coverage for gender-transition procedures violates their sincerely held religious beliefs without satisfying strict scrutiny under the RFRA. Accordingly, the Court **PERMANENTLY ENJOINS AND RESTRAINS** the EEOC, Chair Burrows, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them,

---

[*] As used in this judgment, the term "gender-transition procedures" includes surgery, counseling, provision of pharmaceuticals, or other treatments sought in furtherance of a gender transition.

including their successors in office, from interpreting or enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or any implementing regulations thereto against the CBA Plaintiffs in a manner that would require them to provide insurance coverage for gender-transition procedures, including by denying federal financial assistance because of their failure to provide insurance coverage for such procedures or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions.

The relief provided in this order shall be restricted to the CBA Plaintiffs, anyone acting in concert or participation with them, and their respective health plans and any insurers or third-party administrators in connection with such health plans.

Neither HHS nor EEOC violates this order by taking any of the above-described actions against anyone acting in concert or participation with a CBA Plaintiff, or a CBA Plaintiff's health plans and any insurers or TPAs in connection with such health plans, if the agency officials directly responsible for taking these actions are unaware of that entity's relevant relationship to a CBA Plaintiff.

However, if either agency, unaware of an entity's relevant relationship to a CBA Plaintiff, takes any of the above-described actions, the relevant CBA Plaintiff may promptly notify a directly responsible agency official of the fact of the entity's relevant relationship to a CBA Plaintiff and its protection under this order. Once such an official receives such notice from the CBA Plaintiff the agency shall promptly comply with this order with respect to such related entity.

Nothing in this Order shall prevent EEOC from:

(1) taking any action in connection with the acceptance of a charge for filing regardless of the source, including receiving an online inquiry via the agency's Public Portal or requesting or receiving a questionnaire or other correspondence from the charging party, when the charge concerns an allegation against a CBA Plaintiff concerning the exclusion of gender-transition procedures from its insurance coverage;

(2)     accepting a charge alleging that a CBA Plaintiff does not provide insurance coverage for gender-transition procedures, and from entering the charge into EEOC's computer systems;

(3)     serving notice of the charge upon a CBA Plaintiff within ten days as required by 42 U.S.C. § 2000e-5(b); or

(4)     issuing a right-to-sue notice to a charging party who has filed a charge against a CBA Plaintiff concerning the exclusion of gender-transition procedures from its insurance plan in accordance with the requirements and procedures set forth in 42 U.S.C. § 2000e-5(b) & (f)(1) and 29 C.F.R. § 1601.28(a)(1) & (2).

It is hereby **ORDERED** that any motion for attorneys' fees and expenses filed by any prevailing Plaintiff shall be filed within 60 days after the entry of this judgment.